UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MONA BRIAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 08-269-ART |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY CORPORATION, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case was removed from state court on the basis of diversity jurisdiction despite the presence of Richard Mathes, a non-diverse defendant. In removing the case, the defendants readily acknowledged that Mathes was not a diverse party, but they attempted to overcome this barrier to removal by arguing that Mathes had been fraudulently joined. The plaintiffs never filed a motion to remand challenging this assertion, and the defendants have now filed a "Motion to Dismiss for Failure to State a Claim Against Defendant Richard Mathes or, in the Alternative, Summary Judgment." R. 6. Before the Court can address this motion, however, it must be satisfied that it has subject matter jurisdiction over the case. Because the Court concludes that Mathes was not fraudulently joined, there is incomplete diversity and therefore no subject matter jurisdiction. As a result, the case must be remanded to state court.

On July 10, 2008, Plaintiffs Mona Briar and James Briar sued Defendants National City Corporation and National City Bank (the "National City defendants") in Knox Circuit Court. R. 1, Attach. 5 at 1. The plaintiffs alleged that Mona Briar was injured in a National City Bank branch

office on August 6, 2007, when she fell to the ground after a chair in which she was sitting broke. *Id.* at 3. On July 28, 2008, the plaintiffs filed a First Amended Complaint. R. 5, Attach. 2. The amended complaint added a claim against Richard Mathes, an employee of National City Bank who allegedly provided Briar with the broken chair. *Id.* at 3-4. Specifically, the amended complaint made the following allegations:

> 11.     As the Plaintiff Mona Briar was sitting in the chair provided by these Defendants, the arm of the chair broke off, causing her to fall, sustaining severe personal injuries as a direct and proximate result of the Defendants' negligent maintenance of the premises which included, but was not limited to, the following:
>
>> a.     These Defendants negligently failed to maintain the premises, including the chairs.
>>
>> b.     These Defendants negligently failed to inspect the premises for dangerous conditions when they knew, or in the exercise of reasonable care, should have known that failing to properly maintain the premises, including the chairs, would greatly increase the risk that customers, including this Plaintiff Mona Briar, would fall.
>>
>> c.     These Defendants negligently failed to warn the Plaintiff Mona Briar of the aforementioned dangerous condition when they knew or in the exercise of reasonable care should have known that it existed.

*Id.* The amended complaint also alleged that Mathes and the Briars were all residents of Kentucky. *Id.* at 2.

On August 18, 2008, the National City defendants removed the claims against them to this Court. R. 1. At that time, the defendants were not aware that the plaintiffs had filed an amended complaint naming Mathes as a defendant. When the defendants became aware of the amended complaint, they sought and received permission to file an amended notice of removal. R. 5; R. 7. The amended notice of removal removed the claims against the National City defendants as well as

the claims against Mathes.  R. 7  In the amended notice of removal, the defendants acknowledged that

Mathes is a non-diverse defendant, but they argued that the Court should employ the doctrine of

fraudulent joinder to disregard Mathes's citizenship for the purposes of determining diversity.  R. 8

at 4-6.  On the same day that the amended notice of removal was filed, the defendants also filed the

currently pending motion to dismiss.

As an initial matter, it should be noted that the defendants have put the cart before the horse

by asking this Court to address the merits of the underlying claims via a Rule 12(b)(6) dismissal, or

in the alternative, a grant of summary judgment.  Before the Court can address the merits — or any

other issue for that matter — it must first be satisfied that it has subject matter jurisdiction.  *See Steel*

*Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  As the Supreme Court held in *Steel*

*Company*, "[w]ithout jurisdiction the court cannot proceed at all in any case."  *Id.* (quoting *Ex parte*

*McCardle*, 74 U.S. (7 Wall.) 506 (1868)).  In this case, the defendants argue that jurisdiction is

present under the diversity jurisdiction statute, 28 U.S.C. § 1332, yet there is a lack of complete

diversity.  In such a situation, the removing parties "may avoid remand only by demonstrating that

the non-diverse party was fraudulently joined."  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176

F.3d 904, 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.

1992)).  Because the Court concludes that the non-diverse defendant, Mathes, was not fraudulently

joined, this case lacks the complete diversity that is necessary for subject matter jurisdiction under

§ 1332.  Therefore, the case must be remanded to state court, and the pending motion must be denied

as moot.

The doctrine of fraudulent joinder permits a non-diverse defendant to be disregarded for the

purposes of determining diversity if it is clear that the plaintiffs have not asserted any colorable claims

against that defendant under the relevant state law. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Thus, the question in determining whether the plaintiffs have fraudulently joined Mathes is whether Kentucky law provides an arguably reasonable basis for predicting that the plaintiffs could prevail in their claims against him. *See id.* (citing *Bobby Jones Apartments, Inc.*, 391 F.2d at 176; *Teddler v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)). In answering this question, all disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of remand. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) (quoting *Alexander*, 13 F.3d at 949). Indeed, all doubts as to the propriety of removal must be resolved in favor of remand. *Id.* (citing *Alexander*, 13 F.3d at 949).

The plaintiffs have asserted three claims against Mathes: (1) that he negligently failed to maintain the premises — including the chairs — of the National City Bank; (2) that he negligently failed to inspect the premises — including the chairs — of the National City Bank for dangerous conditions; and (3) that he negligently failed to warn Mona Briar of the dangerous condition of the broken chair when he knew, or in the exercise of reasonable care should have known, that such a dangerous condition existed. R. 5, Attach. 2 at 3-4. At the very least, the third allegation presents a colorable claim under Kentucky law because it arguably alleges a violation of Mathes's duty under Kentucky law to "exercise ordinary care in his activities to prevent foreseeable injury." *T & M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006) (citing *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell*, 736 S.W.2d 328 (Ky. 1987)). In other words, the third claim presents a classic negligence claim by alleging that Mathes breached his duty of care by giving Mona Briar a broken chair and failing to warn her that it was broken.

4

The defendants, however, do not agree that the third claim presents such an allegation. They argue that the amended complaint only asserts claims founded on premises liability, which is based entirely on the ownership of possession of land. R. 8 at 5-6. Thus, according to the defendants, no colorable claims have been asserted against Mathes since — as a mere employee of National City Bank — he was not the owner or possessor of the premises on which Mona Briar was injured. *Id.* While one could reasonably interpret the amended complaint as asserting only premises liability claims against Mathes, it would also be reasonable to interpret the amended complaint as asserting a claim against him based not on his ownership or control of the premises, but on his allegedly negligent act of providing Mona Briar with a broken chair and then failing to warn her of the chair's condition. Because all ambiguities and doubts must be resolved in favor of the non-removing party, *see Coyne*, 183 F.3d at 493, the Court must adopt the latter interpretation of the amended complaint. Therefore, the Court finds that the complaint asserts a colorable claim of negligence against Mathes.

Finally, the defendants also contend that there can be no colorable claims against Mathes because he is shielded from liability by the doctrine of respondeat superior. In the words of the defendants, "any alleged negligence on the part of Mr. Mathes would result in liability to National City under the doctrine of respondeat superior and not liability to Mr. Mathes." R. 8 at 5. This is plainly wrong. "Under Kentucky law, an agent is personally liable for his [tortious] conduct even though performed within the scope of employment and under conditions which impose liability on the principal." *Winburn v. Liberty Mut. Ins. Co.*, 933 F. Supp. 664, 666-67 (E.D. Ky. 1996) (citing *Carr v. Barnett*, 580 S.W.2d 237, 240 (Ky. Ct. App. 1979)); *see also Pool v. Adkisson*, 31 Ky. (1 Dana) 110 (Ky. 1833) ("An agent, or servant is responsible for his own tortious act, even though it was done in submission to the command, or authority of his employer or master."). Indeed, it has

5

long been established that respondeat superior does not shield an employee from personal liability for his own negligent acts, but merely sets forth the employer as an alternative — and potentially more lucrative — source from which the plaintiff can recover. *See* 1 J.D. Lee & Barry Lindahl, *Modern Tort Law: Liability and Litigation* § 7:3 (2d ed. 2008) (citing *Shannon v. City of Milwaukee*, 289 N.W.2d 564, 568 (Wis. 1980)).  Thus, the otherwise colorable claim asserted against Mathes is not precluded by the doctrine of respondeat superior.  Accordingly, the Court finds that Mathes was not fraudulently joined because the amended complaint asserts colorable claims against him.  Therefore, the case lacks complete diversity and must be remanded to state court for want of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

Although it is bound to do so, the Court is hesitant to remand the case in light of the plaintiff's counsel's complete and utter failure to respond to the defendants' motions or otherwise make an attempt to prosecute this action.  Despite the Court's strong feelings that there ought to be some consequence for failing to respond, the law dictates that the case be remanded to state court.  Therefore,  the Court hereby **ORDERS** this case to be **REMANDED** to state court and stricken from the active docket.  The Court further **ORDERS** that all pending motions be **DENIED** as moot.

This the 3rd day of November, 2008.

Signed By:

*Amul R. Thapar* AT

**United States District Judge**

6